## CIRCUIT COURT OF FAIRFAX COUNTY

Sondra Showalter,
a/k/a Sondra Childress

v.

Ted T. Leung

### Case No. (Law) 90919

By JUDGE ROSEMARIE ANNUNZIATA

August 18, 1989

The issue to be resolved by the Court is the sufficiency of plaintiff's Motion for Judgment, a demurrer having been filed by the defendant with respect to each Count of the plaintiff's pleading. Defendant also demurs to plaintiff's claim for damages, both compensatory and punitive. Defendant's demurrer is sustained in part and overruled in part. Defendant also moves to dismiss plaintiff's action in fraud and deceit based on the statute of limitations; this motion is granted.

It is a basic principle of pleading that a motion for judgment is sufficient if it sets out with definiteness and certainty every essential element of the cause of action on which the action is based. The pleading must not only apprise the defendant of the nature of the demand against him but also must enable the court to say whether, if the facts stated in support of the cause of action are proved, the plaintiff is entitled to recover. As a corollary proposition, the averment of a mere legal conclu-

sion is not sufficient, *Cox v. Hogan*, 125 Va. 656, 100 S.E. 666 (1919). The initial pleading must also contain a demand for the relief to which the plaintiff deems himself entitled. *Stephens v. White*, 2 Va. (2 Wash.) 203 (1796). Rule 1:4(d) Rules of the Supreme Court of Virginia.

The motion for judgment at issue is comprised of six counts. Only five causes of action are alleged; however, Count V duplicates the breach of lease claim set forth in Count II, and therefore, defendant's demurrer to it is sustained.

I also find that the causes of action as set forth in Counts II, III, and VI are insufficiently plead. Accordingly, defendant's demurrer to these Counts is sustained as follows: defendant's demurrer to Count II is sustained on the ground that the cause of action for breach of the lease is joined with allegations in support of plaintiff's claim for emotional distress, thus failing to meet the requisite standard of clarity and definiteness that govern sufficiency in pleading. Defendant's demurrer to Count III is sustained in that there are insufficient facts alleged regarding defendant's conduct to support plaintiff's legal conclusions that defendant acted negligently in making repairs and that as a result of the negligent repairs, plaintiff was injured. The plaintiff's claim for emotional distress is set forth in part in Count VI and in several other Counts. For this reason, the defendant's demurrer to Count VI is sustained on the ground that cause of action is not stated with the requisite clarity and definiteness.

Defendant's demurrer to Count IV is overruled on the ground that under Virginia law, a landlord has the duty to warn the lessee of latent defects and dangerous conditions existing on the premises. *John Aragona Enterprises, Inc. v. Miller*, 213 Va. 298, 299, 191 S.E.2d 804, 805 (1972).

The damages prayed for may be set out at the end of the pleading as has been done in the instant case. Accordingly, Defendant's demurrer to plaintiff's prayer for compensatory damages is overruled.

With the exception of the punitive damages claim made in Count II, defendant's demurrer to plaintiff's claim for punitive damages is overruled on the ground that there are sufficient facts plead in the original

pleading to support the claim. Since punitive damages may not be awarded for breach of contract as a matter of law, defendant's demurrer to the punitive damages claim in Count II is sustained.

Defendant also filed a motion to dismiss plaintiff's claim based on fraud (Count I), citing the statute governing the limitations in actions. Defendant' motion is granted. An action for fraud accrues at the time the fraud is discovered, or when, by the exercise of due diligence, it ought to have been discovered. Virginia Code § 8.01-249(1). Based on the pleading filed, including the plaintiff's Counterclaim filed in the General District Court, it is clear that plaintiff had a sufficient basis for discovering the alleged fraudulent conduct of the defendant, as early as October, 1987, and certainly no later than March, 1988, when she filed her claim for breach of contract in the General District Court based on the existence of the same defects and conditions which constitute the basis for her claim that defendant fraudulently failed to disclose these conditions to her at the time she entered the lease. More than a year having elapsed between the time when the fraud was discovered or should have been discovered and the filing of the suit, Count I is dismissed based on the statute of limitations. Virginia Code § 8.01-248.

Plaintiff is given leave to amend her pleading in accordance with this decision.

October 11, 1989

The matter before the Court is Plaintiff's Motion for Reconsideration of the Court's order reflected in its letter of August 18, 1989, respecting the disposition of various demurrers to the pleadings raised by the Defendant.

Having reviewed the pleadings and considered argument by counsel, it continues to be my position that Counts II, III, and VI are insufficiently plead. More specifically, it is my judgment that claims for breach of contract and breach of contract rising to a level of an independent, willful tort, and supporting an award of punitive damages, must be alleged in separate counts. *See generally*, 61 Am. Jur. 2d, citing §§ 43, 116, 117, and 118. Furthermore, it is my judgment that claims of negligent repair of

property and negligence causing personal injury and of the degree supporting an award for punitive damages should be alleged in separate counts.

The demurrer to Count V was sustained since the compensatory relief requested in Count II is identical to that sought in Count V, including compensation for camping equipment and moving costs. I viewed these counts as duplicative for that reason. However, I agree with plaintiff's attorney that a cause of action for constructive eviction can be brought in Virginia; the problem here is the need for a clearer statement of the two counts so that they are clearly distinguishable.

In summary, Defendant's demurrers are granted on the grounds set forth both in the letter of August 18, 1989, and this letter. All other rulings remain as stated earlier. Plaintiff is given leave to amend her pleading in accordance with the decision of the Court.